J-S21008-20

2020 PA Super 289

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　:　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
ADAM MICHAEL RESLINK　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　Appellant　　　　　:　　No. 669 WDA 2019

Appeal from the Judgment of Sentence Entered April 1, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000672-2018

BEFORE:　LAZARUS, J., DUBOW, J., and MUSMANNO, J.

OPINION BY LAZARUS, J.:　　　　　　　　　FILED DECEMBER 18, 2020

Adam Michael Reslink appeals from the judgment of sentence, entered in the Court of Common Pleas of Erie County. After careful review, we affirm.[1]

On January 16, 2019, a jury convicted Reslink of two counts of indecent assault–person less than 13 years of age,[2] and one count each of endangering

_____

[1] On May 29, 2020, this Court issued an order staying disposition of this case pending this Court's en banc decisions in Commonwealth v. Albright, 517 MDA 2019, and Commonwealth v. Poteet, 1456 MDA 2018. In light of this Court's orders of August 5, 2020, vacating the certification orders in those cases, we now lift the stay order and proceed to address the merits of this appeal.

[2] Count 1, 18 Pa.C.S.A. § 3126(a)(7)(b)(3)(ii), was graded as a felony of the third degree (course of conduct); count 4, 18 Pa.C.S.A. § 3126(a)(7), was graded as a misdemeanor of the first degree.

welfare of children,[3] corruption of minors,[4] and criminal attempt–indecent assault.[5] The charges stemmed from Reslink's inappropriate sexual contact with his nephew, from May 1, 2015 to November 19, 2017, when his nephew was between the ages of eight and eleven.[6]

On April 1, 2019, the trial court sentenced Reslink to an aggregate term of imprisonment of 30 to 60 months, followed by 60 months of state-supervised probation. The Commonwealth advised Reslink, a Tier III offender,[7] of his lifetime registration requirements under Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10 et seq.[8] Reslink was not determined to be a sexually violent predator (SVP). Reslink did not file post-sentence motions.

_____

[3] 18 Pa.C.S.A. § 4304(a)(1).

[4] 18 Pa.C.S.A. § 6301(a)(1)(ii).

[5] 18 Pa.C.S.A. § 901(a); 18 Pa.C.S.A. § 3126(a)(7).

[6] A public defender was assigned to Reslink's case, but he chose to represent himself at trial.

[7] Reslink was classified as a Tier III offender based on his conviction of indecent assault–course of conduct. See 42 Pa.C.S.A. § 9799.14(d)(8). As a Tier III offender, Reslink is required to register for life. See 42 Pa.C.S.A. § 9799.15(2).

[8] SORNA was originally enacted on December 20, 2011, effective December 20, 2012. See Act of Dec. 20, 2011, P.L. 446, No. 111, § 12, effective in one year or Dec. 20, 2012 (Act 11 of 2011). Act 11 was amended on July 5, 2012, also effective December 20, 2012, see Act of July 5, 2012, P.L. 880, No. 91, effective Dec. 20, 2012 (Act 91 of 2012), and amended on February 21, 2018, effective immediately, known as Act 10 of 2018, see Act of Feb. 21, 2018,

On May 1, 2019, counsel filed a timely notice of appeal on behalf of Reslink. Both Reslink and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Reslink raises three issues, challenging the legality of both his sentence and his registration requirements:

> 1. Did the trial court impose an illegal sentence for indecent assault at [c]ount [f]our where this conviction merged with [Reslink's] conviction for indecent assault, as a course of conduct, at [c]ount [o]ne?
>
> 2. Does SORNA's lifetime registration requirement constitute an illegal sentence as the registration/notification provisions constitute punishment and effectively extend [Reslink's] maximum sentence without a jury's finding of the offender's future dangerousness?
>
> 3. Does [Reslink's] lifetime registration requirement constitute an illegal sentence as violative of the state and federal constitutional protections against cruel and unusual punishment?

Appellant's Brief, at 7.

Reslink first claims that the court erred in failing to merge the sentences imposed on count one (indecent assault–person less than 13 years of age,

_____

P.L. 27, No. 10, §§ 1-20, effective Feb. 21, 2018 (Act 10 of 2018), and, lastly, reenacted and amended on June 12, 2018, P.L. 140, No. 29, §§ 1-23, effective June 12, 2018 (Act 29 of 2018). Acts 10 and 29 of 2018 are generally referred to collectively as SORNA II. Through Act 10, as amended in Act 29 (collectively, SORNA II), the General Assembly split SORNA I's former Subchapter H into a Revised Subchapter H and Subchapter I. Subchapter I addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. See 42 Pa.C.S.A. §§ 9799.51-9799.75. Subchapter I contains less stringent reporting requirements than Revised Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012. See 42 Pa.C.S.A. §§ 9799.10-9799.42.

graded as a felony of the third degree—course of conduct), and count four (indecent assault—person less than 13 years of age, graded as a misdemeanor of the first degree). On count one, the court sentenced Reslink to 9 to 18 months' incarceration; on count four, the court sentenced him to 60 months of state supervised probation.

A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence. Commonwealth v. Allen, 24 A.3d 1058, 1062 (Pa. Super. 2011). Therefore, our standard of review is de novo and our scope of review is plenary. Id. See also Commonwealth v. Barnes, 167 A.3d 110, 116 (Pa. Super. 2017) (en banc).

The legislature has provided that:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765 (emphasis added).

Pursuant to section 3126 of the Crimes Code, the offense of indecent assault of a person less than 13 years of age is a misdemeanor of the first degree unless "there has been a course of conduct of indecent assault by the person [,] in which case it is a felony of the third degree." 18 Pa.C.S.A. § 3126(b)(3)(ii) (emphasis added).

Reslink argues the two offenses charged at counts one and four differ by only one element. "Count [o]ne requires the jury to find a 'course of

conduct' while [c]ount [f]our does not. See 18 Pa.C.S.A. § 3126(a)(7), (b)(3)(ii)." Appellant's Brief, at 26. Further, Reslink contends that the convictions arise from the same act. "The sole act of indecent assault that formed the basis for the conviction of Count Four is part and parcel of the same pattern of acts or 'course of conduct' that formed the basis for the conviction at Count One." Id. at 27. Reslink claims, therefore, that the Commonwealth should not be able to seek both felony and misdemeanor sentences for "the same conduct." Id. at 28.

Reslink's argument, however, misstates the factual bases for the two different counts of indecent assault. Count one (indecent assault–person less than 13 years of age–course of conduct) charged Reslink with indecent contact with the victim, in that "on or about May 1, 2015 through November 19, 2017, . . . Reslink did have indecent contact with [the victim] . . . in that [he] did, in an ongoing course of conduct, touch the victim's penis with his hand, and/or forced the victim to touch the defendant's penis with his hand and/or watched the victim in the shower[.]" Criminal Information, 4/23/18, at 1 (emphasis added). Count four (indecent assault–person less than 13 years of age) charged Reslink with indecent contact, in that he "did have the victim touch the defendant's penis with his hand . . . thereby [Reslink] did commit the crime of indecent assault, a Misdemeanor of the First Degree." Id. at 2 (emphasis added).

With respect to count one, the testimony at trial established that Reslink touched his nephew's penis, both over and under his clothing, on several occasions over a period of years.  Specifically, the victim testified:

A:    He would reach his hand under my clothes[.]  . . .  He would put his hand really fast under them.

Q:    When his hand went under your clothes, what would it touch?

A:    My penis.

Q:    Would he do anything?

A:    No.  Just, like, rub it and that's it.  . . .  I usually tell him to stop or, like, try and pull his arm away.

Q:    Okay.  Would he stop when you asked him?

A:    No.

* * *

Q:    All right.  You talked about when it happened when you were 8 or 9.  Did it happen while you were 10?

A:    Yes.

Q:    What about 11?

A:    Yes.

N.T. Jury Trial, 1/14/19, at 37-43.

With respect to count four, the victim testified that on one occasion he was made to touch Reslink's penis:

Q:    Would you ever have to touch Uncle Adam?

A:    Yes.  . . .  He would grab my wrist and reach my hand over to his penis.  . . .  Like, make my hand touch his penis.

Q:    Okay.  Was it on his skin?

- 6 -

A:     Yes, once.

Q:     One time on the skin.  All right.  Did your hand go inside of his pants and underwear?

A:     Yes.

Id. at 45-46 (emphasis added).

In Commonwealth v. Baldwin, 985 A.2d 830 (Pa. 2009), our Supreme Court explained, "The [language of section 9765] is clear.  It prohibits merger unless two distinct facts are present:  1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other."  Id. at 833 (emphasis added).    See also Commonwealth v. Raven, 97 A.3d 1244, 1249 (Pa. Super. 2014) (same).  Reslink's course of conduct in touching the victim's penis on several occasions over a period of years is a separate criminal act from the one occasion when Reslink grabbed his nephew's hand and made him touch his (Reslink's) penis.  The convictions, with distinct factual predicates, did not arise from a "single criminal act."  42 Pa.C.S.A. § 9765.  Reslink does not get a "volume discount" for distinct criminal acts.  Commonwealth v. Anderson, 650 A.2d 20, 22 (Pa. 1994).   Thus, this claim is meritless.

In his final two issues, Reslink argues Revised Subchapter H of SORNA II creates "an irrefutable and irrebuttable presumption against the offender," and violates Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), where the United States Supreme Court held "it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed

range of penalties to which a criminal defendant is exposed; [i]t is equally clear that such facts must be established by proof beyond a reasonable doubt." See Appellant's Brief, at 34. Reslink also argues Revised Subchapter H "violates federal and state constitutional prohibitions against cruel and unusual punishment." Id. These challenges to Subchapter H are waived.[9]

It is well-settled that issues not raised before the trial court cannot be advanced for the first time on appeal. Pa.R.A.P. 302(a). See In re F.C. III, 2 A.3d 1201, 1212 (Pa. 2010) (finding appellant's constitutional claims waived where he failed to raise them before the lower court, depriving that tribunal of opportunity to consider and rule upon them); Commonwealth v. Howe, 842 A.2d 436, 441 (Pa. Super. 2004) ("[C]onstitutional issues, including

_____

[9] While Reslink's appeal in this Court was pending, our Supreme Court decided Commonwealth v. Torsilieri, 232 A.3d 567 (Pa. 2020). There, the Pennsylvania Supreme Court addressed these constitutional challenges to Revised Subchapter H. The Court acknowledged that, based on evidence the defendant had presented in the trial court, he posed "colorable constitutional challenges" to Revised Subchapter H's registration and notification provisions based upon his asserted refutation of two critical legislative determinations: (1) that all sex offenders pose a high risk of recidivism; and (2) that the tier-based registration system of Revised Subchapter H protects the public from the alleged danger of recidivist sex offenses. Id. at 573-74. Notwithstanding the defendant's proffered evidence, however, the Court decided it was unable to conclude based upon the record before it whether defendant had sufficiently undermined the validity of the legislative findings supporting Revised Subchapter H's registration and notification provisions, especially in light of the Commonwealth's contradictory scientific evidence produced on appeal. Id. at 585. Noting that "it is not the role of an appellate court to determine the validity of the referenced studies based on mere citations rather than allowing the opportunity for the truths to develop through a hearing on the merits of the evidence," the Court remanded to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting sex offenders' constitutional rights. Id.

sentencing issues based upon the constitution, are waived if they are not properly raised in the trial court."). Cf. Commonwealth v. Manzano, --- A.3d --- 2020 PA Super. 206 (Pa. Super. 2020) (appellant's failure to provide any discussion concerning alterations made by legislature in updated sex offender registration law was fatal to constitutional challenge to sex offender registration requirements; Court noted, however, "Appellant ignores the crucial fact that Torsilieri involved the non-SVP provisions of Revised Subchapter H. Because Appellant was designated a SVP and our Supreme Court has already declared the provisions of Revised Subchapter H applicable to SVPs are constitutional, Appellant's second issue arguably fails on this basis alone."), citing Commonwealth v. Butler, 226 A.3 972 (Pa. 2020) (Butler II).

Here, Reslink did not raise these claims before the trial court, in a motion to bar application of SORNA, or in post-sentence motions. Rather, Reslink raises these claims for the first time on appeal. We, therefore, are constrained to find that Reslink has waived these claims. Pa.R.A.P. 302(a). No relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/18/2020