J-S37040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TONY BOYD JR. | : | |
| | : | |
| Appellant | : | No. 1007 EDA 2021 |

Appeal from the Judgment of Sentence Entered June 23, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0005725-2018

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:             **FILED JANUARY 18, 2022**

Appellant, Tony Boyd, Jr., appeals *nunc pro tunc* from the judgment of sentence entered in the Court of Common Pleas of Montgomery County after he pled guilty to one count of Rape, Forcible Compulsion[1] and one count of Unlawful Contact with a Minor.[2]  Sentenced to four and one-half years to nine years' imprisonment, followed by three years' probation, Appellant argues on appeal that the imposition of lifetime reporting requirements pursuant to his Tier III sex offender categorization under Pennsylvania's Sexual Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.42, (hereinafter SORNA or Subchapter H) violates his due process rights and is unconstitutionally punitive.  Finding Appellant's claims waived, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 3121.
[2] 18 Pa.C.S.A. § 6318.

The procedural background of this appeal is as follows: On December 18, 2019, Appellant pled guilty to the above-cited charges filed on accusations that he had raped an 11-year old boy by forcible compulsion on August 6, 2018 and on August 7, 2018. He was sentenced on June 23, 2020, at which time he signed and affirmed on the record the sexual offender's addendum to the guilty plea colloquy acknowledging that by pleading guilty he would be classified as a tier III sex offender under SORNA.

At sentencing, counsel for Appellant stated, "I'm objecting to the SVP lifetime registration. I know the court will impose it." N.T. at 15. After receiving clarification that Appellant was not declared a sexually violent predator but was nonetheless subject to lifetime registration, counsel reiterated that "in terms of lifetime registration under SORNA, we are making an objection." N.T. at 16. After sentencing, Appellant filed neither a post-sentence motion nor a timely appeal.

On January 18, 2021, Appellant filed a timely counseled petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, which alleged ineffective assistance of counsel in failing to file a timely notice of appeal and sought reinstatement of direct appeal rights *nunc pro tunc*. Without objection by the Commonwealth, the PCRA court granted Appellant's PCRA petition and reinstated his right to file an appeal *nunc pro tunc* with this Court thirty days from the date of the order. **See** Order, 4/14/21.

On April 28, 2021, Appellant filed a timely counseled notice of appeal. On May 6, 2021, the trial court ordered Appellant to submit a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied with the court's order by filing his Rule 1925(b) statement. On June 22, 2021 the trial court filed a responsive Rule 1925(a) opinion.

In Appellant's brief, he asserts for the first time in his case that revised Subchapter H of the Pennsylvania Sentencing Code violates the United States and Pennsylvania Constitutions. Specifically, he maintains that application of the lifetime registration of SORNA, Subchapter H, 42 Pa.C.S. 9799.10– 9799.42, violates due process by creating an irrebuttable presumption that he poses a high risk of recidivism thereby infringing on his right to reputation under the Pennsylvania Constitution with no meaningful opportunity to challenge the presumption of dangerousness. He also argues that the presumption-based lifetime registration is punitive and thus extends his sentence beyond the statutory maximum for his offense and in violation of **Alleyne v. United States**, 570 U.S. 99, 103, 122 S.Ct. 2151 (2013) (holding "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to a jury and found beyond a reasonable doubt."). **See** Appellant's brief, at 3.

"[T]he constitutionality of a statute presents a pure question of law. Therefore, our standard of review is *de novo* and scope of review is plenary."

***Commonwealth v. Wade***, 33 A.3d 108, 115-16 (Pa. Super. 2011) (citation omitted).

In addressing constitutional challenges to a statute, we remain mindful that:

> the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society, but also that any restriction is subject to judicial review to protect the constitutional rights of all citizens. We emphasize that a party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution.

***Commonwealth v. Torsilieri***, 232 A.3d 567, 575 (Pa. 2020) (citations and internal quotation marks omitted).[3]

Before we may conduct merits review of Appellant's claims, we address whether he has preserved them for appeal. As noted, *supra*, at Appellant's June 23, 2020 sentencing hearing conducted before the Honorable Todd D. Eisenberg, defense counsel stated summarily and nonspecifically that Appellant was objecting to "lifetime registration under SORNA," without articulating the legal grounds—constitutional or otherwise—or supplying any facts or evidence to support the objection. N.T. 6/23/20 at 15-16. She cited

---

[3] In ***Torsilieri***, the Pennsylvania Supreme Court addressed the constitutionality of Revised Subchapter H of SORNA, which applies to individuals who commit an offense after December 20, 2012. Since Appellant committed his offenses after that date, his registration is premised upon Subchapter H.

no caselaw, secondary source, or scientific treatise while offering this generic objection, nor did she request a hearing on the objection or file a post-sentence motion delineating the objection for the trial court's review.[4] Judge Eisenberg confirms in his Pa.R.A.P. 1925(a) opinion that defense counsel failed to assert on the record "her reasoning or evidence for this objection." Trial Court Opinion, 6/22/21, at 4.

This Court has held that defendants waive for appellate review lifetime registration challenges they failed to articulate before the trial court. In **Commonwealth v. Snyder**, 251 A.3d 782 (Pa.Super. 2021), the defendant asserted on appeal that lifetime registration for non-SVP offenders under Subchapter H both violated due process rights under the Pennsylvania Constitution's reputation clause and constituted punishment based upon a fact not submitted to the jury and found beyond a reasonable doubt in violation of **Alleyne**. The defendant, however, did not raise these claims before the trial court. **Id**. at 794.

On appeal, we first recognized that "constitutional issues, including sentencing issues based upon the constitution, are waived if they are not properly raised in the trial court." **Id.** (citing **Commonwealth v. Howe**, 842 A.2d 436, 441 (Pa.Super. 2004)). On this point, our decision relied on recent

---

[4] The trial court correctly observes that Appellant's PCRA petition sought only reinstatement of direct appeal rights and, thus, forewent the option of requesting reinstatement of post-sentence rights, as well.

precedent in which this Court held "a defendant waived numerous constitutional arguments concerning whether Subchapter H creates 'an irrefutable and irrebuttable presumption against the offender' by failing to raise the claims in the trial court." ***Id.*** (quoting ***Commonwealth v. Reslink***, 257 A.3d 21 (Pa.Super. 2020) (holding defendant waived claim that Revised Subchapter H was based on an unconstitutional irrebuttable presumption by failing to raise it at sentencing or in a post-sentence motion)).

***Snyder*** also acknowledged that the defendant raised an additional claim sounding in legality of sentence where he asserted that Subchapter H was punitive under ***Alleyne*** and ***Apprendi***. We noted, further, the general proposition that claims arising under ***Alleyne*** and ***Apprendi*** cannot be waived on appeal. ***Snyder***, ***supra*** at 795.

Notwithstanding, ***Snyder*** held that our decision in ***Reslink***, which applied waiver to a similar legality of sentence claim that Subchapter H constituted cruel and unusual punishment and violated ***Apprendi***, compelled finding Snyder's claim waived as well, for the presumption of recidivism remains central to the problem identified by such claims and thus distinguishes them from typical legality claims. ***Snyder***, ***supra*** at 795 n. 11.[5] Accordingly,

---

[5] That is, Subchapter H's presumption of recidivism is the fact not submitted to a jury under the ***Apprendi/Alleyne*** construct. ***Snyder*** therefore concludes, "We read ***Reslink*** for the limited proposition that constitutional claims for relief directed at Pennsylvania's sexual offender registration regime that concern the presumption of recidivism discussed in ***Torsilieri*** are subject
*(Footnote Continued Next Page)*

Snyder concluded that "**Reslink** has created an exception to the typical rules governing Rule 302(a) waiver and claims aimed at allegedly illegal sentences. Thus, no relief is due on these waived issues." **Snyder**, **supra** at 795.

In the case *sub judice*, Appellant's legality of sentence claims are effectively identical to those found waived in **Snyder** and **Reslink**. As Appellant elected, through counsel, not to present his claims for the trial court's consideration either at the sentencing hearing or in a post-sentence motion, we follow the rationale of **Snyder** and **Reslink** and find them waived on appeal. [6]

Judgment of sentence affirmed.

_____

to waiver under Rule 302(a), regardless of whether that claim sounds in legality of sentence.

[6]**Compare Commonwealth v. Elgaafary**, 1178 EDA 2020, unpublished memorandum decision (Pa.Super. filed October 12, 2021). **See** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value). In **Elgaafary**, this Court declined to find waiver under **Snyder** and **Reslink** for Elgaafary's failure to raise specifically a **Torsilieri** unconstitutional irrebuttable presumption argument with the trial court where: 1) Elgaafary had filed a post sentence motion raising a "colorable constitutional challenge" stating SORNA's "internet notification provisions infringe[d] on [his] right to reputation without due process, and SORNA create[d] an irrebuttable presumption that all sex offenders pose a high risk of reoffending"; 2) he had requested a hearing on his motion; and, 3) **Torsilieri** had not yet been decided).

In contrast, in the present matter, defense counsel's bare statement of "objection to lifetime registration under SORNA" articulated no colorable challenge thereto and occurred one week after **Torsilieri** was decided.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/18/2022