J-S01011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DUPREE M. JOHNSON | : | |
| | : | |
| Appellant | : | No. 637 MDA 2021 |

Appeal from the Judgment of Sentence Entered April 23, 2021
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001770-2019

BEFORE: BOWES, J., NICHOLS, J., and COLINS, J.*

MEMORANDUM BY BOWES, J.: FILED: FEBRUARY 15, 2022

Dupree M. Johnson appeals from his April 23, 2021 judgment of sentence imposed after he entered a negotiated guilty plea to indecent assault of an unconscious person. We affirm.

On April 23, 2021, Appellant pled guilty to indecent assault of an unconscious person. In exchange for his plea, the Commonwealth *nolle prossed* the remaining charges of rape of an unconscious person, sexual assault, and indecent assault without consent. The trial court accepted Appellant's plea and issued the agreed-upon sentence of nine to twenty-three months of incarceration followed by a consecutive three-year term of probation. The court also designated Appellant as a Tier II twenty-five-year registrant pursuant to Subchapter H of the Sex Offender Registration and

_____

* Retired Senior Judge assigned to the Superior Court.

Notification Act ("SORNA" or "Subchapter H"), 42 Pa.C.S. §§ 9799.10-9799.42. As the trial court was advising Appellant of his appellate rights, plea counsel indicated that Appellant intended to appeal the constitutionality of an unidentified issue in the case, but that the appeal would not affect the validity of the plea itself. *See* N.T., 4/23/21, at 14. Appellant was later evaluated and adjudged to not be a sexually violent predator ("SVP").

Appellant did not file a post-sentence motion. Instead, the instant timely appeal followed. Both Appellant and the trial court have complied with the mandates of Pa.R.A.P. 1925.[1]

Appellant raises the following issue for our review:

> Is [Appellant's] sentence illegal insofar as it includes a mandatory registration requirement pursuant to [SORNA], the imposition [of] which is a violation of his right to reputation contained Article I, Section 1 of the Pennsylvania Constitution as it is based on an irrebuttable presumption that sex offenders are at a higher risk of recidivism which is not universally true and not true as applied to [Appellant]?

Appellant's brief at 4.

For the first time on appeal, Appellant argues that the registration requirements imposed upon him pursuant to Subchapter H run afoul of the Pennsylvania Constitution's reputational protections. *See* Appellant's brief at 8; *see also* PA. CONST., Art. 1, § 1 ("All men are born equally free and

---

[1] While this appeal was pending, plea counsel sought and obtained leave to withdraw as counsel. Following a hearing, the trial court appointed current counsel to represent Appellant in this appeal.

independent, and have certain inherent and indefeasible rights, among which are . . . reputation . . . ."). Accordingly, we must decide whether this claim has been properly preserved for our review.

It is well-settled that issues not raised before the trial court cannot be advanced for the first time on appeal. Pa.R.A.P. 302(a). **See Commonwealth v. Reslink**, 257 A.3d 21 (Pa.Super. 2020) (finding constitutional challenges to Subchapter H of SORNA waived due to appellant's failure to raise his claims before the trial court); **see also In re F.C. III**, 2 A.3d 1201, 1212 (Pa. 2010) (finding appellant's constitutional claims waived where he failed to raise them before the lower court). Thus, "issues, even those of constitutional dimension, are waived if not raised in the trial court." **see Commonwealth v. Jefferson**, 256 A.3d 1242, 1252 (Pa.Super. 2021); **see also Commonwealth v. Howe**, 842 A.2d 436, 441 (Pa.Super. 2004) ("[C]onstitutional issues, including sentencing issues based upon the constitution are waived if they are not properly raised in the trial court.").

This Court reviewed a similar constitutional challenge to Subchapter H in **Reslink**. Like Appellant in the instant case, Reslink was subject to tier-based registration under SORNA. **See** 42 Pa.C.S. § 9799.14(b)(6). Reslink asserted for the first time on appeal that Subchapter H creates "an irrefutable and irrebuttable presumption against the offender" and is, therefore, unconstitutional. **Reslink**, **supra** at 24. This Court found that he waived the issue because he failed to raise it before the trial court. **Id**. at 25. In reaching

- 3 -

that decision, we noted that it "is well-settled that issues not raised before the trial court cannot be advanced for the first time on appeal." *Id*. (citing Pa.R.A.P. 302(a)). The fact that Reslink raised a constitutional claim that implicated the legality of his sentence did not alter our analysis.[2] *Id*.

Turning to the instant case, Appellant's arguments raising constitutional concerns regarding the presumption of recidivism and his right to reputation were not presented to the trial court. Accordingly, the trial court found Appellant's claim waived, explaining that, in addition to failing to identify the specific constitutional challenge in his concise statement, Appellant also "did not raise or argue the issue at his guilty plea and sentencing hearing; he only indicated that an issue as to constitutionality would be raised on appeal. We are, therefore, unable to address that issue in this Opinion." Trial Court Opinion, 7/29/21, at 3. Pursuant to *Reslink*, we are constrained to agree.

Appellant concedes that prior counsel did not present the trial court with any specific argument or challenge to the mandatory requirements of SORNA. *See* Appellant's brief at 7. Additionally, he admits that prior published decisions from this Court have held that failure to specifically challenge the

_____

[2] This author has previously written separately to express her belief that *Reslink* was wrongly decided. *See Commonwealth v. Chai*, 253 A.3d 277 (Pa.Super. 2021) (non-precedential concurring memorandum). While I maintain that view, I nevertheless recognize that we are mandated to follow established precedent. *See Commonwealth v. Reed*, 107 A.3d 137, 143 (Pa.Super. 2014) ("This Court is bound by existing controlling precedent as long as the decision has not been overturned by our Supreme Court.").

constitutionality of SORNA's registration requirements before the trial court results in a waiver of that claim on appeal. *Id*. at 7-8. Accordingly, we find that Appellant's claim is waived.

Judgment of sentence affirmed.[3]

Judge Colins joins this Memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/15/2022

---

[3] We note that our Supreme Court is currently considering whether constitutional SORNA claims should constitute non-waivable challenges to the legality of sentence, and, as such, cannot be waived. *See Commonwealth v. Thorne*, 245 A.3d 1099 (Pa.Super. 2020) (non-precedential decision) *appeal granted* 260 A.3d 922 (Pa. 2021) (finding constitutional SORNA challenges that were raised for the first time on appeal waived pursuant to *Reslink*).