J-S09008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| REYES A. SALAZAR | : | |
| | : | |
| Appellant | : | No. 735 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 10, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009313-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| REYES A. SALAZAR | : | |
| | : | |
| Appellant | : | No. 736 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 10, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010630-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| REYES A. SALAZAR | : | |
| | : | |
| Appellant | : | No. 737 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 10, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010631-2017

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

J-S09008-21

MEMORANDUM BY OLSON, J.:                                     **FILED APRIL 3, 2023**

In this consolidated appeal,[1] Appellant, Reyes A. Salazar, appeals from the January 10, 2020 judgments of sentence that imposed an aggregate sentence of 38 to 76 years' incarceration after a jury convicted Appellant of rape of a child (2 counts), involuntary deviate sexual intercourse with a child (2 counts), unlawful contact with a minor (3 counts), endangering the welfare of a child (2 counts), corruption of a minor – third-degree felony (1 count), corruption of a minor – first-degree misdemeanor (2 counts), and indecent assault of a person less than sixteen years of age (1 count).[2] This case returns

---

[1] In a May 1, 2020 *per curiam* order, this Court, upon Appellant's request, consolidated the three appeals docketed in this Court at 735 EDA 2020, 736 EDA 2020, and 737 EDA 2020.

[2] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 6318(a)(1), 4304(a)(1), 6301(a)(1)(ii), 6301(a)(1)(i), and 3126(a)(8), respectively.

At trial court docket number CP-51-CR-0009313-2017 ("Docket 9313"), Appellant was convicted of one count each of rape of a child, involuntary deviate sexual intercourse with a child, unlawful contact with a minor, endangering the welfare of a child, and corruption of a minor – third-degree felony.

At trial court docket number CP-51-CR-0010630-2017 ("Docket 10630"), Appellant was convicted of one count each of rape of a child, involuntary deviate sexual intercourse with a child, unlawful contact with a minor, endangering the welfare of a child, and corruption of a minor – first-degree misdemeanor.

At trial court docket number CP-51-CR-0010631-2017 ("Docket 10631"), Appellant was convicted of one count each of unlawful contact with a minor, corruption of a minor – first-degree misdemeanor, and indecent assault of a person less than sixteen years of age.

to us after our Supreme Court vacated, in part, this Court's order of October 1, 2021, and remanded the matter for our reconsideration in light of **Commonwealth v. Thorne**, 276 A.3d 1192 (Pa. 2002).[3] We vacate, in part, Appellant's judgments of sentence only insofar as it directs Appellant to register as a Tier III sexual offender and remand this case for further proceedings consistent with this memorandum.

We previously summarized the procedural history as follows:

> The underlying convictions stem from the alleged sexual abuse of three minor complainants, D.C., A.O., and A.B. On October 7, 2019, following a jury trial, Appellant was found guilty of the aforementioned crimes.
>
> On January 10, 2020, the trial court sentenced Appellant to an aggregate term of 38-76 years' incarceration. On Docket 9313, Appellant was sentenced to 10-20 years' incarceration for rape of a child, a consecutive term of 5-10 years' incarceration for involuntary deviate sexual intercourse with a child, a consecutive term of 2½-5 years' incarceration for unlawful contact with a minor, and concurrent terms[FN3] of 2½-5 years' incarceration, each, for both his conviction of endangering the welfare of a child and his conviction of corruption of a minor – third-degree felony.
>
> > [Footnote 3] The sentences imposed for Appellant's convictions of endangering the welfare of a child and corruption of a minor – third-degree felony were to run concurrent to the sentence imposed for his conviction of unlawful contact with a minor.
>
> Appellant received an identical sentence under Docket 10630. On Docket 10631, Appellant was sentenced to 1-2 years' incarceration for indecent assault of a person

---

[3] **See Commonwealth v. Salazar**, 266 A.3d 600 (Pa. Super. 2021) (unpublished memorandum); **see also Commonwealth v. Salazar**, 285 A.3d 884 (Pa. 2022) (*per curiam order*).

- 3 -

less than sixteen years of age, a concurrent term of 2-4 years' incarceration for unlawful contact, and a consecutive term of 1-2 years' incarceration for his conviction of corruption of a minor – first-degree misdemeanor. The sentence imposed at each docket was ordered to run consecutively [to each punishment imposed at the other dockets]. Appellant was further ordered to comply with all Tier III requirements under Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799[.]10 to 9799.41, which include[] lifetime registration with the Pennsylvania State Police.

On January 20, 2020, Appellant filed a timely post-sentence motion for reconsideration, arguing that the trial court failed to consider his mitigating factors and imposed a "manifestly unreasonable" sentence.[FN4]

> [Footnote 4] On January 20, 2020, Appellant filed notices of appeal of the judgments of sentence entered at each of the aforementioned trial court dockets. Upon *praecipe* to discontinue, this Court discontinued the three appeals. ***See Commonwealth v. Salazar*** at 405 EDA 2020, 406 EDA 2020, and 407 EDA 2020.

Following a hearing on February 20, 2020, the trial court denied Appellant's post-sentence motion. Trial counsel was permitted to withdraw, and appellate counsel was appointed on February 24, 2020. These appeals followed.[FN5]

> [Footnote 5] Both Appellant and the trial court complied with Pa.R.A.P. 1925. The record demonstrates that, in compliance with ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), and its progeny, Appellant filed a separate notice of appeal at each trial court docket.

***Salazar***, 266 A.3d 600, at \*\*1-\*\*2 (original brackets and record citation omitted).

On October 1, 2021, this Court affirmed Appellant's judgments of sentence.[4] ***Id.*** at \*\*1. In so affirming, this Court, in pertinent part, held that Appellant waived his third issue challenging the constitutionality of SORNA – Subchapter H. We specifically determined that Appellant waived this claim because he did not raise the issue before the trial court. ***Id.*** at \*\*10, *citing* Pa.R.A.P. 302(a) and ***Commonwealth v. Reslink***, 257 A.3d 21 (Pa. Super. 2020).[5] Appellant subsequently filed a petition for allowance of

_____

[4] On appeal, Appellant raised the following issues for our review:

1. Did the trial court frustrate Appellant's defense strategy across all three consolidated cases and violate his right to thoroughly cross-examine his accuser by denying his motion to pierce Section 3104 of the Pennsylvania Crimes Code, 18 Pa.C.S.A. § 3104, commonly referred to as the "Rape Shield Law"?

2. Did the trial court impose an unduly harsh sentence and fail to consider the factors mandated by Pennsylvania's Sentencing Code when imposing a sentence that assures Appellant will remain incarcerated for the remainder of his natural life, when he is no longer a risk to recidivate?

3. Should this Court rule consistently with its precedent - and the same precedent followed by our Supreme Court - and remand this matter so that Appellant may litigate a constitutional challenge to his SORNA registration?

4. Was the evidence so inherently unreliable that it failed to sustain the verdicts entered on Docket 9313 and Docket 10630?

***Salazar***, 266 A.3d 600, at \*\*2 (brackets omitted and citation omitted).

[5] Our Supreme Court, in ***Thorne***, ***supra***, disapproved of this Court's holding in ***Reslink***, ***supra***. ***Thorne***, 276 A.3d at 1198.

appeal with our Supreme Court. Our Supreme Court granted Appellant's petition for allowance of appeal limited to Appellant's third issue, as noted *supra*, and vacated, in part, our October 1, 2021 order affirming Appellant's judgments of sentence. ***Salazar***, 285 A.3d 884, at *1. Our Supreme Court remanded the case to this Court for the limited purpose of reconsidering our prior disposition of Appellant's third issue, in light of ***Thorne***, ***supra***. ***Salazar***, 285 A.3d 884, at *1.

Appellant's third issue on appeal challenges the constitutionality of SORNA – Subchapter H.[6] Specifically, Appellant alleges that SORNA improperly adopts an irrebuttable presumption "that every person who commits an enumerated sexually violate offense poses a high risk of committing additional sexual offenses and has a reduced expectation of privacy." Appellant's Brief at 35 (original quotation marks and brackets omitted), *citing* 42 Pa.C.S.A. §§ 9799.11(a)(4) and (5). Appellant further argues that SORNA's registration and notification provisions impermissibly increase his punishment without meeting the requirements of ***Apprendi v. New Jersey***, 530 U.S. 466 (2000)[7] and ***Alleyne v. United States***, 570 U.S.

---

[6] Subchapter H of SORNA applies to the case *sub judice* because Appellant's crimes were committed on or after December 20, 2012. ***See Thorne***, 276 A.3d at 1193 n.1 (stating, revised Subchapter H of SORNA applies to individuals who committed their sexual offenses on or after December 20, 2012).

[7] In ***Apprendi***, the Supreme Court of the United States held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a

- 6 -

99 (2013),[8] in violation of, *inter alia*, his procedural due process rights and the doctrine of separation of powers. Appellant's Brief at 40-41. Appellant raised these challenges to the constitutionality of SORNA – Subchapter H for the first time on appeal. **See** Appellant's Rule 1925(b) Statement, 6/16/20; **see also** Appellant's Brief at 33-41.

Recently, our Supreme Court held that constitutional challenges to SORNA – Subchapter H implicate the legality of a sentence and cannot be waived on the basis that such claims were raised for the first time on appeal. **Thorne**, 276 A.3d at 1198. Because Appellant's constitutional challenges were presented for the first time on appeal, however, there is no factual record before us. Therefore, in consonance with **Thorne**, **supra**, we remand this case for further development of the record related to Appellant's challenge to the constitutionality of SORNA – Subchapter H.

Judgments of sentence vacated, in part, insofar as Appellant is required to register as a Tier III sexual offender under SORNA – Subchapter H.[9] Case

_____

crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Apprendi**, 530 U.S. at 490.

[8] In **Alleyne**, the Supreme Court of the United States similarly held that, "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 570 U.S. at 103 (citation omitted).

[9] Those aspects of this Court's order affirming Appellant's convictions and rejecting his challenge to the discretionary aspects of his sentences were not disturbed by our Supreme Court's limited grant of allocator concerning the

remanded for further development of Appellant's challenge to the constitutionality of SORNA – Subchapter H.  Jurisdiction relinquished.

Judge Musmanno did not participate in the consideration or decision of this case.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/3/2023

---

constitutionality of SORNA – Subchapter H, as discussed *supra*.  **Salazar**, 285 A.3d 884, at \*1 (denying allocator as to the remaining issues).