J-S09041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM RESLINK | : | |
| | : | |
| Appellant | : | No. 1189 WDA 2022 |

Appeal from the PCRA Order Entered September 9, 2022
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0000672-2018

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED: September 13, 2023**

Adam Michael Reslink ("Reslink") appeals from the denial of his second petition for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We dismiss the appeal.

A jury found Reslink guilty of a series of crimes relating to sexual contact with his nephew when the child was between the ages of eight and eleven. **See Commonwealth v. Reslink**, 257 A.3d 21, 22 (Pa. Super. 2020).  This Court affirmed Reslink's judgments of sentence and denied his subsequent reargument petition On March 2, 2021.  **See id**.  Reslink did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On May 21, 2021, Reslink filed a *pro se* PCRA petition challenging, *inter alia*, the trial court's evidentiary rulings.  The court appointed counsel, who filed a supplemental PCRA petition alleging Reslink's trial counsel's

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

ineffectiveness, and the deprivation of counsel because the trial court forced Reslink to proceed to trial without standby counsel. *See* Supplemental PCRA Petition, 8/31/21. The PCRA court issued a notice of intent to dismiss the petition in which it stated that it granted Reslink the right to represent himself at trial after a *Grazier*[2] hearing, and his *pro se* claims were not cognizable, vague and generalized. *See* Notice, 9/30/21. The PCRA court dismissed the petition on October 21, 2021, and Reslink did not appeal.

Reslink filed *pro se* a second PCRA petition, alleging, *inter alia*, first PCRA counsel's failure to appeal the denial of "unaddressed issues" in his PCRA petition. *See* PCRA Petition 6/21/22. The PCRA court issued a notice of intent to dismiss Reslink's petition, stating that the petition was untimely, prior PCRA counsel did not abandon Reslink, and he failed to show his claims were not previously litigated or waived. *See* Notice, 8/18/22. The PCRA court denied Reslink's PCRA petition. *See* Order, 9/9/22. Reslink filed a notice of appeal, and he and the trial court complied with Pa.R.A.P. 1925.

Before we can address the merits of Reslink's issues, we must consider whether the defects in his brief require dismissal of the appeal. Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure ("Pa.R.A.P."), and this Court may dismiss an appeal if the defects in the brief are substantial. *See* Pa.R.A.P. 2101 (providing that "if the defects . . . in the brief . . . are substantial, the appeal . . . may

_____

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988).

be . . . dismissed"); *see also Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) (asserting that although the Court liberally construes a *pro se* litigant's filings, he enjoys no special benefit and must comply with the requisite procedural rules). An appellant must present arguments that are sufficiently developed for our review in a brief with pertinent discussion, references to the record, and citations to legal authorities. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Id*; *see also Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006) (holding that an appellant's failure to support his claim with factual background and citations to the record represented "serious deviations from the briefing requirements of the Rules of Appella[te] Procedure," and waives his review of the claim) (citation omitted).

Reslink's brief is substantially defective. It lacks a statement of jurisdiction (*see* Pa.R.A.P. 2114), a statement of order in question (*see* Pa.R.A.P. 2115), a statement of both the scope of review and the standard of review (*see* Pa.R.A.P. 2111(a)(3)), a statement of the questions involved (*see* Pa.R.A.P. 2111(4)), a statement of the case (*see* Pa.R.A.P. 2117), and a summary of argument (*see* Pa.R.A.P. 2118). Of even greater importance, it lacks any references to, or discussion of, applicable legal standards, statutes, or case law. *See* Pa.R.A.P. 2119(a) (providing that the argument shall be followed by the discussion and citation of pertinent authorities). Nor does the brief direct this Court to the places in the record where the matters

he refers to can be found. **See** Pa.R.A.P. 2119(c) (providing that where the argument references evidence or other matter, it must set forth a reference to the place in the record where that matter may be found); Pa.R.A.P. 2119(d) (providing that where a finding of fact is argued, the argument must contain a synopsis of all evidence on the point, with a reference to the place in the record where the evidence may be found). As noted, we will not act as an appellant's counsel and develop arguments as to the issues raised in this appeal, including the timeliness of Reslink's second PCRA petition. **See** **Commonwealth v. Woods**, 179 A.3d 37, 42 (Pa. Super. 2017), citing 42 Pa.C.S.A. § 9545 (stating that a PCRA petition shall be filed within one year of the date the judgment of sentence becomes final, the PCRA's timeliness requirements are jurisdictional, and the petitioner bears the burden of pleading and proving the timeliness of his petition or a qualifying exception). Reslink failed to offer any such proof and we will not attempt to do so on his behalf.

Reslink's failure to conform with our appellate rules leaves this Court unable to meaningfully review the substance of his issues compelling the dismissal of the appeal. **See** Pa.R.A.P. 2101.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2023